IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBC STUDIOS DISTRIBUTION LTD,<br><br>         Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule "A",<br><br>         Defendants. | Case No.: 1:22-cv-01441<br><br>**Judge Matthew F. Kennelly**<br><br>**Magistrate Judge Susan E. Cox** |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COME NOW Defendant Shenzhen Leguoguo Trading Co., LTD (hereinafter referred to as "Moving Defendant"), and in support of the Motion to Dismiss for lack of personal jurisdiction, state as follows:

INTRODUCTION

Plaintiff filed the subject action on March 18, 2022 regarding copyright and trademark infringement. [ECF 1]. Moving Defendant is one of the hundreds of defendants sued in this case. Moving Defendant is an online retailer that sells miscellaneous products on Alibaba.com, which is an international E-commerce platform based and originated in China. Moving Defendant shall be dismissed, because Moving Defendant has sold zero allegedly infringing product to the US. Plaintiff failed to prove that there is personal jurisdiction over Moving Defendant.

1

ARGUMENT

**I. Because Moving Defendant Has Sold Zero Allegedly Infringing Product To The US, Including the State of Illinois, There Is No Personal Jurisdiction Over Moving Defendant**

"[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "When affidavits regarding the issue of personal jurisdiction are submitted, the district court may weigh the affidavits[ and] will accept as true any facts in the defendants' affidavits that do not conflict with anything in the record." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Plaintiff brought two claims under the Lanham Act, which does not authorize nationwide service. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Thus, a federal court sitting in Illinois may exercise jurisdiction over the defendants in a trademark infringement case only if authorized both by Illinois law and by the United States Constitution. *Id.*

In this case, Moving Defendant is an out-of-state E-commerce store operator and has no physical contact with the state of Illinois. *Wang Xi Declaration* ¶ 4-15. Courts within this district routinely follow *Curry* to determine whether personal jurisdiction exists over international E-commerce store operators. *See, e.g., NBA Props. v. The Partnerships, et al.*, 2021 U.S. Dist. LEXIS 131991, at *6 (N.D. Ill. July 15, 2021); *Volkswagen AG, et al. v. iman365-usa*, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020). The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020). *Curry* notes that there is no operative difference between the constitutional limits of the Illinois Constitution and

the United States Constitution in terms of subjecting a defendant to personal jurisdiction. *Id.* To ensure that excising personal jurisdiction is consistent with due process, *Curry* articulated **three "essential requirements"** for a court to exercise personal jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities; AND (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry* at 949 F.3d 392.

In this case, Moving Defendant is a Chinese company that operates on Alibaba.com, which is an Chinese E-commerce platform facing international consumers. There is no personal jurisdiction over Moving Defendant, because it has never sold any accused products to anyone in Illinois and the US, and exercising personal jurisdiction over Moving Defendant does no comport with traditional notions of fair play and substantial justice. *Wang Xi Declaration* ¶16-22.

**A. Plaintiff's Alleged Injury Did Not Arise Out of The Defendant's Forum-related Activities, Because Moving Defendant Has Never Shipped Any of The Accused Product To Anyone in Illinois or the US**

One "essential requirement" for a court to exercise specific personal jurisdiction over an out-of-state defendant is that the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. *Curry v. Revolution Labs. LLC*, 949 F.3d 385, 392 (7th Cir. 2020). "The proper exercise of specific jurisdiction requires that the defendant's minimum contacts with the forum state be 'suit- related,'" and "regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Id.* at 400.

3

The court in *Curry* defined the scope of sales that shall be taken into consideration to determine personal jurisdiction, emphasizing that the only sales that would be relevant are those that were related to defendant's alleged unlawful activity, and failing to provide evidence of any such sales means failing to establish personal jurisdiction. *Id.* at 401. In *Curry*, the court reasons that no personal jurisdiction exists over Real Action, a defendant that made at least one sale to the the forum State, because the plaintiff, Advanced Tactical, did not provide evidence that the sale had any connection to the underlying claims of trademark infringement. *Curry* at 949 F.3d 401 (citing *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014)). The court differentiates the facts in *Advanced Tactical* to that in *Curry*, stating that "unlike the sales in Advanced Tactical, which were made by the defendant in the forum state but were not related to the claims underlying the suit, Mr. Curry has shown that the direct sales that Revolution made in Illinois involved Diesel Test, a product that bears the allegedly infringing trademark that forms the very basis of this action." *Curry* at 949 F.3d 401.

In this case, Moving Defendant has never sold any of the accused products to anyone in Illinois and the US. *Wang Xi Declaration* ¶16-21. Although Moving Defendant has made sales to Illinois, the sales of Moving Defendant are similar to those made by Real Action, which have no connection to the claims underlying the suit. Thus, no specific jurisdiction exits because no alleged injury has arisen out of the defendant's forum-related activities.

**B. Exercising Personal Jurisdiction Over Moving Defendant, A Chinese Company That Has No Physical Contact With Illinois, Offends Traditional Notions Of Fair Play And Substantial Justice**

Personal jurisdiction over Defendants is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Curry* at 949 F.3d 402. The courts

4

considers (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the underlying dispute, and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Id.* Even if the Court found minimum contact, "[w]hen the defendant's minimum contacts with the forum are relatively weak (although existent), these considerations may militate in favor of the exercise of jurisdiction." *Id.*

As stated above, because Moving Defendant sold no alleged infringing product to the US, if there is any connection, connection to Illinois is minimal. To the contrary, the burden on Moving Defendant to defend itself in this Court is significant, as the company has no staff, employee, or physical office in Illinois or the United States. Plaintiff's interest in obtaining convenient and effective relief in Illinois is minimum, as Moving Defendant has sold zero accused product to the US, and it is unlikely that Plaintiff will suffer imminent and significant injury in the future. Finally, because Moving Defendant is a China-based company that operates on an China-based international E-commerce platform, the most efficient jurisdiction to adjudicate the Plaintiff's claim should be China. Illinois courts cannot provide any particular efficiencies in resolving the matters in the claims. The fact that Plaintiff brought its claims in Illinois further indicates that Plaintiff has minimum interests in obtaining convenient and effective relief, as Plaintiff is an internationally prestigious entity, if which is truly interested in resolving this issue effectively with Moving Defendant, it could have brought the suit against Moving Defendant in China.

For the above reasons, even if this Court finds that minimum contact exists, exercising jurisdiction would still offend traditional notions of fair play and substantial justice.

**C. Fed. R. Civ. P. 4(k)(2) Does Not Apply, Because The Exercise of Jurisdiction Is Inconsistent With The Constitution**

Plaintiff may argue that even if there is no minimum contact, an alternative, independent, basis for personal jurisdiction, Fed. R. Civ. P. 4(k)(2), still applies, but allowing jurisdiction under Fed. R. Civ. P. 4(k)(2) in this case is inconsistent with the Constitution.

According to Fed. R. Civ. P. 4(k)(2), for a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if…(B) exercising jurisdiction is consistent with the United States Constitution and laws. The scope of the constitutional limits is articulated in *Curry*, which establishes above the detailed jurisdictional requirements based the Due Process Clause under a premise that the requirements are "consistent with the constitutional limits of the Illinois Constitution and the United States Constitution in terms of subjecting a defendant to personal jurisdiction." *Curry* 949 F.3d at 393. Therefore, if a fact pattern fails to meet the requirements articulated in *Curry*, exercising jurisdiction would be inconsistent with the constitutional limits.

In this case, Moving Defendant is a Chinese Company that operates on a Chinese E-commerce platform facing consumers around the world, and more importantly, Moving Defendant sold no alleged infringing product to the US. As reasoned above, exercising personal jurisdiction over Moving Defendant is inconsistent with *Curry* as well as the Due Process constitutional limit articulated herein. As a result, allowing jurisdiction under Fed. R. Civ. P. 4(k)(2) in this case is inconsistent with the Constitution.

For reasons stated above, because Moving Defendant has sold no product to the State of Illinois and the US, Moving Defendant shall be dismissed due to lack of jurisdiction.

CONCLUSION

6

Based on the foregoing, Moving Defendant respectfully requests this Court to dismiss Moving Defendant absent personal jurisdiction and grant other relief as the Court deems just and proper.

DATED this 4th day of May, 2022.

Respectfully submitted,

/s/ Xingyi Tao
Xingyi Tao
Chongqing Qianyu Law Firm,
Counsel for Moving Defendant
Xixia Rd No. 18, Yubei Dist.
Chongqing, China
T: +86-18623196385
xingyitao1@126.com

CERTIFICATE OF SERVICE

    This is to certify that on May 4, 2022, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Xingyi Tao