UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBC Studios Distribution Ltd., <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No.: 1:22-cv-01441 <br><br> Dist. Judge Matthew F. Kennelly <br><br> Mag. Judge Susan E. Cox |

### Unopposed Motion for Extension of Time

**NOW COME** defendant VRHE LLC, BIOSA LLC, and Mumaoyi INC ("Defendants"), by and through their undersigned counsel, and hereby move this Court to extend the time to file a response to the Complaint. In support of their motion, Defendants states as follows:

1. Plaintiff filed its Complaint on March 18, 2022. [Dkt. 1].

2. Defendants were ostensibly served with process on April 18, 2022. [Dkt. 32].

3. Defendants, including another which has reached settlement, have been substantively and quantifiably involved in settlement negotiations with Plaintiff. Despite their diligence, Defendants need a short additional time to explore settlement, or exhaust the prospect thereof and respond to Plaintiff's Complaint.

4. Defendants previously requested, and were granted, an extension until June 27 2022 to respond. [Dkt. 72].

5. This Court may, for good cause, extend the time by which a defendant's responses are due "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See*, Sec. Ins. Co. of Hartford v. Schipporeit,

Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendants' motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

6. Defendants respectfully request this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to July 11, 2022.

7. This Motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

8. This is the third motion for an extension of time filed by Defendants.

9. Plaintiff has indicted that it does not oppose Defendants' requested extension.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order:

a) extending the date on which Defendants' response(s) to Plaintiff's Complaint are due to July 11, 2022.

Dated: June 26, 2022

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph: (312) 715-7312
*Attorney for Defendants*